IN THE MATTER OF THE ELECTION OF DIRECTORS OF P. LORILLARD COMPANY.

Argued May 6, 1931—Decided June 12, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the motion, *Merritt Lane* and *Sheldon Pitney.*

*Contra, McCarter & English.*

PER CURIAM.

The proceeding is under section 42 of the Corporation act and was initiated by a rule to show cause granted by Mr. Justice Campbell on March 28th, 1931, and returnable at the opening of the present, May term, of this court.

The proceeding before us is not in furtherance or prosecution of such rule to show cause but, on the contrary, an attack upon it as a proper proceeding and a demand for its discharge.

The Lorillard company has noticed the holders of the rule of an application for the discharge thereof upon three grounds—

1. That the rule is not authorized under the Corporation act respecting the matter sought to be reviewed.

2. Because the proceedings has not been pursued with reasonable diligence; and

3. The proceeding is without merit, in fact.

We feel constrained not to pass upon either the first or third grounds except to remark that as to the first we see no legal impropriety in the procedure as to the third, although presently not fully before us, at least a serious question is presented.

As to the second ground we are not in doubt.

A question of this character should at all times be brought to a conclusion with all reasonable expedition and dispatch so that corporate affairs of the company involved will not be interrupted and placed in a state of suspense and uncertainty.

The court judicially takes notice of the excitment in, and suspense of, business activities to the extent that such conditions now existing are more readily, and easily, excited to a point of injury than under normal business conditions.

We are quite unable to find any reason, and particularly a legally excusable one, why the holders of this rule should not have placed themselves in a position, from the time they obtained it, March 28th, 1931, until the opening of this term, May 5th, 1931, when it was returnable, to present to this court the meritorious question involved, if there was one.

We are unable to find that anything approaching due diligence has been shown, and we conclude that the rule to show cause must be dismissed, with costs.